STATE OF NORTH CAROLINA v. RUTH WILSON KEETER AND ROY RICHARD KEETER

No. 7929SC280

(Filed 21 August 1979)

1. Narcotics § 4.1— possession of controlled substances — aiding and abetting — insufficiency of evidence

The trial court erred in denying the male defendant's motions to dismiss on the ground that the evidence was insufficient from which an inference of aiding and abetting in the unlawful possession of controlled substances could be drawn since the evidence tended to show at most a close, friendly relationship with the female defendant, in whose pocketbook the contraband and money were found, but there was no evidence that the male defendant who claimed that the money was his procured, encouraged or assisted the female

defendant in the unlawful possession of the controlled substances or was present for such purpose to the knowledge of the female defendant.

**2. Criminal Law § 101— comment heard by one juror—individual polling not required**

The trial court did not err in failing to poll all of the jurors to determine whether their verdicts would be affected by the dismissal of a juror because the juror stated that her verdict would be influenced by a comment she had heard, since the trial judge did question the jurors about the incident, and all of them stated that they had not heard any comments.

APPEAL by defendants from *Seay, Judge.* Judgment entered 15 November 1978 in Superior Court, HENDERSON County. Heard in the Court of Appeals 13 June 1979.

Upon trial by jury, defendant Ruth Wilson Keeter was convicted of felonious possession of marijuana with intent to distribute, and felonious possession of meprobamate and phencyclidine, violations of the Controlled Substances Act, N.C.G.S. 90-95. Defendant Roy Richard Keeter was convicted of aiding and abetting in the above named offenses.

The evidence tended to show that pursuant to a search warrant detectives with the Henderson County Sheriff's Department searched the residence of Ray Justice around noon on 1 December 1977. At the time of the search, defendant Ruth Wilson Keeter and her infant were present within the residence. All persons present in the house were sitting around the kitchen table except Ray Justice. Defendant Roy Keeter arrived at the residence about ten minutes after the search began. In the search, detectives seized a pocketbook from a shelf in the kitchen. The pocketbook contained, *inter alia*, a wallet holding driver's license issued to Ruth Wilson Keeter, as well as other papers in her name, a plastic bag containing 46.9 grams of marijuana (28.35 grams = 1 ounce), a plastic film canister containing 1.47 grams of phencyclidine, three tablets containing meprobamate, and a leather pouch containing $1,617.96 in United States currency. A set of postage scales, pipes and a small bag of cold capsules were also seized from the house in the search.

Upon seizure of the pocketbook, the officers counted the money on the kitchen table for inventory purposes. At that

point, defendant Roy Keeter stated that the money was his and asked whether he would be able to get it back.

Defendant Ruth Wilson Keeter was sentenced to imprisonment for three years as a committed youthful offender on the marijuana and phencyclidine counts and to six months suspended on the meprobamate count. Defendant Roy Keeter was sentenced to imprisonment for two to four years on the marijuana and phencyclidine counts and six months concurrent on the meprobamate count. From these judgments, defendants appeal.

*Attorney General Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Jack H. Potts for defendant appellants.*

MARTIN (Harry C.), Judge.

Six assignments of error are raised on appeal. Three assignments of error are raised on behalf of both defendants, one solely on behalf of defendant Ruth Wilson Keeter and two solely on behalf of Roy Keeter. We find no error in the trial of Ruth Wilson Keeter and vacate the judgments of Roy Keeter.

[1] Defendant Roy Keeter contends the trial court erroneously denied his motions to dismiss pursuant to N.C.G.S. 15A-1227 because the evidence was insufficient from which an inference of aiding and abetting could be drawn. We agree.

To withstand a motion to dismiss, there must be substantial evidence of all material elements of the offense. *State v. Furr*, 292 N.C. 711, 235 S.E. 2d 193, *cert. denied*, 434 U.S. 924, 54 L.Ed. 2d 281 (1977). The legal principles of aiding and abetting must be applied to the evidence offered in this case to decide whether there was sufficient evidence to require submission of the charges to the jury with respect to defendant Roy Keeter.

> All who are present at the place of a crime and are either aiding, abetting, assisting, or advising in its commission, or are present for such purpose to the knowledge of the actual perpetrator, are principals and equally guilty. [Citations omitted.]

An aider and abettor is one who advises, counsels, procures, or encourages another to commit a crime. [Citations omitted.]

To render one who does not actually participate in the commission of a crime guilty of the offense committed, there must be some evidence tending to show that he, by word or deed, gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to lend assistance when and if it should become necessary.

*State v. Ham*, 238 N.C. 94, 97, 76 S.E. 2d 346, 348 (1953).

The crime of possession requires that the contraband be in the custody and control of the defendant and subject to his disposition. *State v. McDougald*, 18 N.C. App. 407, 197 S.E. 2d 11, *cert. denied*, 283 N.C. 756, 198 S.E. 2d 726 (1973).

Considering all the evidence in the light most favorable to the State and resolving any inconsistencies in its favor, the evidence against defendant Roy Keeter tends to show: Defendant Roy Keeter was not present at the time the search began but arrived approximately ten minutes thereafter. The pocketbook of defendant Ruth Wilson Keeter was found containing the controlled substances, money, and other articles. When the officers proceeded to count the money found in the pocketbook, Roy Keeter stated that the money was his and wanted to know if he would be able to get it back. Defendant Roy Keeter was not married to defendant Ruth Wilson Keeter at the time of the search on 1 December 1977, although they subsequently married. Detective Harris had seen the defendants together numerous times prior to 1 December 1977.

We hold this evidence was insufficient to warrant submission to the jury and to support a verdict that defendant Roy Keeter was aiding and abetting defendant Ruth Wilson Keeter in the unlawful possession of the controlled substances. There was no evidence that Roy Keeter procured, encouraged or assisted Ruth Wilson Keeter in the unlawful possession of the controlled substances or was present for such purpose to the knowledge of Ruth Keeter. To aid or abet one in the crime of possession, the act or encouragement must be done knowingly with the intent to

aid the possessor obtain or retain possession. *People v. Doemer*, 35 Mich. App. 149, 192 N.W. 2d 330, 47 A.L.R. 3d 1236 (1971). He merely stated the money was his. The fact of Roy Keeter's close, friendly relationship with Ruth Keeter, without additional evidence of Roy Keeter aiding and abetting in the perpetration of the crime, is not sufficient to support a conviction. *State v. Ham, supra.* Mere association is not aiding and abetting. His convictions must be, and are, reversed.

[2]    Defendant Ruth Wilson Keeter contends that the trial court erred in failing to poll all of the jurors to determine whether their verdicts would be affected by the dismissal of a juror because the juror stated that her verdict would be influenced by a comment she had heard. The evidence tended to show that during a recess at the trial, a juror heard a comment concerning the case. When court resumed, the juror was questioned by the judge, and she stated that the comment she had heard would influence her decision. The juror was dismissed from the case. Defense counsel moved for a mistrial on the ground that this incident may have influenced the remaining jurors. Upon questioning by the trial judge, the remaining jurors stated they had not heard any comments. We hold the veteran trial judge properly denied defendant's motion for mistrial.

Upon careful review of defendant Ruth Wilson Keeter's remaining assignments of error, we find them to be without merit.

For the foregoing reasons, in the cases of Ruth Wilson Keeter we find no error.

In the cases of Roy Richard Keeter the judgments are reversed.

Chief Judge MORRIS and Judge PARKER concur.