STATE OF NORTH CAROLINA v. ANTHONY EUGENE IKARD

No. 8422SC186

(Filed 6 November 1984)

**Robbery § 4.7— armed robbery—aiding and abetting—evidence not sufficient**

The evidence was not sufficient to submit armed robbery or common-law robbery to the jury where it showed that defendant was one of four men who got into the victim's automobile and directed him to drive to a "liquor house"; that defendant, who was sitting in the back seat, took an AM-FM radio belonging to the victim with him as he walked away from the car with the other men; that the victim called out for the return of his radio; that two of the men went back to the victim, where one produced a sawed-off shotgun and demanded the victim's money while the others shoved the victim and took eighteen dollars from his wallet; and that defendant remained twenty to twenty-five feet from the victim and did not speak or move toward the victim. There was no evidence that defendant knew the victim would be robbed or that one of his companions was armed, and no evidence that he encouraged the crime or indicated that he was prepared to render assistance.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 6 December 1983 in Superior Court, IREDELL County. Heard in the Court of Appeals 18 October 1984.

Defendant was charged in a proper bill of indictment with armed robbery of Grady Lee Anderson, in that he

unlawfully, willfully and feloniously did steal, take, and carry away . . . another's personal property, to wit: one (1) AM-FM multi-band radio, and $48.00 dollars, from the presence and person of Grady Lee Anderson . . . with the use and threatened use of firearms . . . to wit: a sawed-off shotgun. . . .

Defendant was found guilty as charged, and from a judgment imposing a prison sentence of twenty-five years he appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Walter M. Smith, for the State.*

*T. Michael Lassiter for defendant, appellant.*

HEDRICK, Judge.

Defendant assigns error to the denial of his timely motions to dismiss. When the evidence is considered in the light most favorable to the State, it tends to show that on 20 May 1983 four men got into the automobile belonging to Grady Anderson and directed him to drive them to a "liquor house" in Statesville known as the Cabin in the Pines. The defendant sat in the back seat of the car and, when Mr. Anderson stopped in the parking lot of the Cabin in the Pines, the defendant emerged from the vehicle, taking with him an AM-FM radio that belonged to Mr. Anderson. The other men also got out of the car, and the four men walked down the driveway toward the building. Mr. Anderson also got out of the car and called to the men, "Hey, bring my radio back here. You made me give you a ride, now give me my radio back." The four men stopped, looked back, and then turned around and walked a few steps further away, until they were approximately twenty to twenty-five feet from Mr. Anderson. Two of the men then turned around and came back toward Mr. Anderson, and one pulled a sawed-off shotgun from under his raincoat, placed the barrel close to the victim's face, and said, "Give me your money." The second man then shoved Mr. Anderson, and took eighteen dollars from the victim's wallet. Defendant and the fourth man remained twenty to twenty-five feet from Mr. Anderson and observed what took place. At no time during the ride or during the incident at the Cabin in the Pines did the defendant say anything, nor did defendant move toward Mr. Anderson while he was being robbed by the other men. After the two men took

the money from Mr. Anderson, they walked back to where defendant and the other man stood, and the four walked away.

Although the evidence discloses that the defendant took Mr. Anderson's radio, there is no evidence from which the jury could find that the taking of the radio was accomplished by force, violence, or threatened use of a dangerous weapon. The evidence establishes that the crime with which defendant was charged occurred after the crime he committed in removing the radio from Mr. Anderson's vehicle.

The State contends that the evidence tends to show that the defendant committed the crime charged in the bill of indictment by "acting in concert" with or "aiding and abetting" the two men who actually perpetrated the armed robbery of Mr. Anderson. Indeed, the trial court instructed the jury that they could find defendant guilty only if they found that defendant either acted in concert with the other men or that he aided and abetted them in the commission of the crime. While we find plain error in the charge to the jury with respect to aiding and abetting, we need not discuss such error because we hold the evidence insufficient to require submission of the case to the jury as to this defendant on the charge of either armed robbery or common-law robbery, and, in our opinion, the evidence is not sufficient to raise an inference from which the jury could find beyond a reasonable doubt that defendant either acted in concert or aided and abetted any of the men in the commission of the crime charged.

"To act in concert means to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose." *State v. Joyner*, 297 N.C. 349, 356, 255 S.E. 2d 390, 395 (1979). A person aids or abets another in the commission of a crime when he "by word or deed, [gives] active encouragement to the perpetrator of the crime or by his conduct [makes] it known to such perpetrator that he [is] standing by to lend assistance when and if it should become necessary." *State v. Keeter*, 42 N.C. App. 642, 645, 257 S.E. 2d 480, 482 (1979) (quoting *State v. Ham*, 238 N.C. 94, 97, 76 S.E. 2d 346, 348 (1953)).

In the instant case the evidence discloses only that defendant was present at the scene of the crime. The State introduced no evidence tending to show that defendant knew that his companions were going to rob Mr. Anderson, or even that he knew one of

the men was armed. Nor was there any evidence tending to show that defendant encouraged the other men in the commission of the crime, or that he by word or deed indicated to them that he stood prepared to render assistance. The most that can be said on this evidence is that defendant was present when the crime was committed, and this is insufficient to take the case to the jury.

The judgment must be vacated and the defendant discharged.

Vacated.

Judges BECTON and PHILLIPS concur.