STATE OF NORTH CAROLINA v. HENRY LOUIS NICHOLSON

No. COA04-635

(Filed 5 April 2005)

**1. Assault— deadly weapon with intent to kill inflicting serious injury—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of assault with a deadly weapon with intent to kill inflicting serious injury even though defendant contends there was insufficient evidence of intent to kill, because: (1) defendant repeatedly stabbed the victim, once in the chest and four times in the back, as well as continually punching and kicking the victim after the stabbings; and (2) the nature of the assault, as evidenced by both the fighting between defendant and the victim, and the victim's attempts to disengage from the argument and escape the grasp of defendant, as well as the deadly character of the weapon used in the attack, constituted sufficient proof from which defendant's intent to kill may be reasonably inferred.

## 2. Sentencing— aggravating factor—taking advantage of position of trust

The trial court erred in an assault with a deadly weapon with intent to kill inflicting serious injury case by finding as an aggravating factor that defendant took advantage of a position of trust, and the case is remanded for resentencing, because: (1) the trial court found evidence of the factor based on the relationship that existed between the victim's mother and defendant based on the victim's mother dating defendant's father and the mother's parental relationship with the victim; (2) while our Court of Appeals has recognized a position of trust aggravating factor in familial relationships when the child in question is a minor, there is no precedent for such a finding where the child in question is an adult; (3) as the dependency aspect of the parental relationship is not present, the evidence of record fails to establish that a position of trust existed which defendant took advantage of in the commission of the crime; and (4) assuming arguendo a position of trust did exist, the evidence fails to show defendant abused the position of trust in order to commit the assault, and the evidence shows that defendant's actions were accomplished as a result of the use of force alone. N.C.G.S. § 15A-1340.16(d)(15).

Appeal by defendant from judgment entered 14 October 2003 by Judge Marcus L. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 January 2005.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General James A. Wellons, for the State.*

*Michael E. Casterline for defendant-appellant.*

HUNTER, Judge.

Henry Louis Nicholson ("defendant") appeals from judgment dated 14 October 2003 entered consistent with a jury verdict finding him guilty of assault with a deadly weapon with intent to kill inflicting serious injury. After careful review, we find no error in the trial. However, we remand for resentencing based on the trial court's erroneous finding of the aggravating factor of taking advantage of a position of trust.

The evidence tends to show that on 13 October 2002 defendant spent most of the day playing cards and drinking beer with Angela

McCray ("McCray") and Addie Pittmon ("Pittmon"), McCray's mother, at their apartment. Sometime that day, McCray's three non-custodial children were brought to the apartment for a visit. That evening, McCray, Pittmon, McCray's custodial daughter, the three non-custodial children, and defendant got into defendant's truck, driven by Pittmon, to return the non-custodial children to their paternal grandmother's house. During the trip, McCray and defendant began to argue, as was common between the two. The argument continued throughout the trip and was still ongoing when they arrived back at their apartment. Pittmon got out of the truck and sat down on a small step in front of the apartment building to smoke. Defendant exited the truck and ordered McCray to get out as well. The two continued to argue in front of the truck.

Defendant grabbed McCray by her shirt and pulled her around the corner of the apartment building, out of Pittmon's sight. McCray attempted to escape defendant's grasp by slipping out of her shirt. McCray cried out for Pittmon's help. Pittmon ran around to the side of the apartment building where she found McCray sitting on the ground. Pittmon saw defendant walking away along the fence behind the apartment complex. McCray looked up at Pittmon and then passed out. Pittmon saw blood gushing from stab wounds on McCray's back and called out for help.

Evidence and testimony further show that Nicholas Lanier ("Lanier"), while on his way to visit his girlfriend in a nearby apartment, heard McCray scream out for Pittmon. When Lanier looked in the direction of the scream, he saw a male kicking and punching a female who was lying on the ground. Lanier testified that the assailant stopped assaulting the female and walked away along the fence at the back of the apartment complex when he saw Pittmon coming towards him.

Paramedics arrived on the scene to transport McCray to the hospital for immediate medical attention. Upon arrival, paramedics believed McCray was dead based on the amount of blood at the scene and the lack of pulse in McCray's wrist. During transport, McCray ceased breathing, at which time she was considered clinically dead. Upon arrival at the Emergency Department of the Carolinas Medical Center, Chief Resident, Dr. Michael Fitch ("Dr. Fitch"), observed five wounds during his examination, one on McCray's upper-right chest below the collar bone, and four on the right side of her back. Each of these wounds was approximately one centimeter in length. Dr. Fitch testified, after being recognized as an expert in emergency medicine,

STATE v. NICHOLSON

[169 N.C. App. 390 (2005)]

that it was his opinion that all five wounds were life-threatening wounds, all made by a sharp instrument, such as a knife. Dr. Fitch further testified that the prompt medical attention was critical to McCray's survival.

Defendant was convicted by jury verdict of assault with a deadly weapon with intent to kill inflicting serious injury and attempted voluntary manslaughter. The trial court arrested judgment on the attempted voluntary manslaughter charge, found taking advantage of a position of trust as an aggravating factor, found no mitigating factors, and sentenced defendant to 167 to 210 months on the assault with a deadly weapon with intent to kill inflicting serious injury conviction. Defendant appeals.

The issues in this case are whether: (1) the trial court erred in denying defendant's motion to dismiss the assault charge based on insufficient evidence of the intent to kill element; (2) the trial court erred in imposing an aggravated sentence upon the defendant when the finding of an aggravating factor was not supported by the record; and (3) the trial court improperly sentenced defendant in the aggravated range when the aggravating factor was neither alleged in an indictment nor submitted to a jury.

I.

[1] By his first assignment of error, defendant contends the trial court erred in denying his motion to dismiss the assault charge, as the evidence presented was insufficient to give rise to an inference of intent to kill, based on the nature of the assault, the manner in which it was made, the conduct of the parties, or other relevant circumstances. We disagree.

The standard to be applied in ruling on a motion to dismiss for insufficiency of the evidence is whether there was substantial evidence supporting each element of the offense charged. *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "An intent to kill is a matter for the State to prove, and is ordinarily shown by proof of facts from which an intent to kill may be reasonably inferred." *State v. Thacker*, 281 N.C. 447, 455, 189 S.E.2d 145, 150 (1972) (citations omitted), *disapproved on other grounds*, *North Carolina v. Butler*, 441 U.S. 369, 60 L. Ed. 2d 286 (1979). This inference may be made from the nature of the assault, the manner in which the assault was made, the conduct

of the parties, or from any other relevant circumstance. *See State v. Revels*, 227 N.C. 34, 36, 40 S.E.2d 474, 475 (1946). In *Thacker*, the Court found ample evidence of intent to kill where the defendant repeatedly stabbed the victim in vital areas of the body with a six-inch knife blade. *Thacker*, 281 N.C. at 455, 189 S.E.2d at 150. In so finding, the Court stated, "[t]he viciousness of the assault and the deadly character of the weapon used constitute [co]mpelling proof from which [the] defendant's intent to kill may be inferred." *Id.*

Similar to the evidence in *Thacker*, there is ample evidence in the record from which a jury may reasonably infer that defendant intended to kill McCray. *See id.* Such evidence includes the repeated stabbings of McCray, once in the chest and four times in the back, as well as the continued punching and kicking of McCray by defendant after the stabbings. The nature of the assault, as evidenced by both the fighting between defendant and McCray and her attempts to disengage from the argument and escape the grasp of defendant, as well as the deadly character of the weapon used in the attack constitute sufficient proof from which defendant's intent to kill may be reasonably inferred.

As sufficient evidence was offered to permit a reasonable inference of defendant's intent to kill, we therefore find the trial court committed no error in denying defendant's motion to dismiss for insufficient evidence.

## II.

**[2]** Defendant next contends the trial court erred in imposing an aggravated sentence when the finding of an aggravating factor is not supported in the record. We agree. However, defendant failed to object at trial to the enhancement of his sentence and properly preserve this issue for appellate review pursuant to Rule 10 of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 10(b). Nonetheless, in the interest of justice, we will consider the merits of this assignment of error pursuant to Rule 2 of the Rules of Appellate Procedure. N.C.R. App. P. 2.

N.C. Gen. Stat. § 15A-1340.16(d)(15) (2003) permits the imposition of an aggravated sentence during the sentencing phase of a trial if it is found that defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense. *Id.* A finding of the position of trust aggravating factor depends on the existence of a relationship generally conducive to reliance of one

upon the other. *See State v. Daniel*, 319 N.C. 308, 311, 354 S.E.2d 216, 218 (1987). "[T]he trial court's finding of an aggravating factor must be supported by 'sufficient evidence to allow a reasonable judge to find its existence by a preponderance of the evidence.'" *State v. Distance*, 163 N.C. App. 711, 718, 594 S.E.2d 221, 226 (2004) (citation omitted).

Here, the trial court found evidence of the aggravating factor based on the relationship that existed between Pittmon and defendant. The trial court stated:

> [T]he mother of the victim, under the circumstances of this case, it appears that she certainly would have intervened, but for the fact that the defendant was a son of her boyfriend; and, a friend of her daughter.
>
> That is, she saw her daughter being dragged, behind the apartments, after getting out of the car, following an[] argument. But, nevertheless, with the defendant being a friend of her boyfriend and having dated her daughter, she didn't feel sufficiently alarmed, that she should try to intervene.
>
> And, under these circumstances, had it been a stranger, or some acquaintance of no relationship or confidence, then, under these facts, it appears quite certain that she would have jumped out of that truck and run, when she saw her daughter being pulled behind those apartments.

Our courts have found a position of trust in very limited circumstances. *See State v. Mann*, 355 N.C. 294, 319, 560 S.E.2d 776, 791 (2002). In *Mann*, the relationship between the defendant and his co-worker victim was found to show an amicable working relationship, at most a friendship. *Mann*, 355 N.C. at 319-20, 560 S.E.2d at 792. The finding of a position of trust as an aggravating factor based on this amicable working relationship was found to be error, as such a relationship was found to be insufficient to establish a position of trust. *Id.* A similar relationship to that seen in *Mann* existed between Pittmon and defendant. *See id.* The evidence shows an amicable but causal relationship between the parties, who were connected by mutual acquaintances, the victim, and Pittmon's boyfriend, who was defendant's father.

The State contends that a position of trust existed between Pittmon and defendant due to Pittmon's parental relationship with the victim. While this Court has recognized a position of trust aggra-

vating factor in familial relationships when the child in question is a minor, there is no precedent for such a finding where the child in question is an adult. *See State v. Daniel*, 319 N.C. 308, 354 S.E.2d 216 (finding a violation of a position of trust by the mother of a newborn child); *see also State v. Farlow*, 336 N.C. 534, 444 S.E.2d 913 (1994) (finding a violation of a position of trust by defendant with a nine-year-old victim). In *Daniel*, the Court's finding of a violation of a position of trust as an aggravating factor was based on the dependency of the infant on its mother and the mother's singular responsibility for the child's welfare. *Daniel*, 319 N.C. at 311, 354 S.E.2d at 218. The dependency of a child on its mother prior to reaching the age of majority serves as the basis for the court's statement that the finding of an aggravating factor "depends . . . upon the existence of a relationship between the defendant and victim generally conducive to reliance of one upon the other." *Id.*

As McCray is not a minor child, the dependency of the relationship between a minor child and parent is not at issue here.[1] Thus, as the dependency aspect of the parental relationship is not present, the evidence of record fails to establish that a position of trust existed which defendant took advantage of in the commission of the crime.

Furthermore, assuming *arguendo* a position of trust did exist, the evidence fails to show defendant abused the position of trust in order to commit the assault. *See State v. Marecek*, 152 N.C. App. 479, 514, 568 S.E.2d 237, 259 (2002) (defendant husband not found to have abused his position of trust in order to murder his wife, where wife distrusted and feared him); *see contra State v. Arnold*, 329 N.C. 128, 143-44, 404 S.E.2d 822, 831-32 (1991) (defendant wife found to have abused her position of trust in order to carry out the conspiracy to have her husband murdered, where husband believed wife had come to her senses and ended her affair). In no way were defendant's actions a result of his having taken advantage of the relationship he had with Pittmon. To the contrary, the evidence tends to show that defendant's actions were accomplished as a result of the use of force alone. Defendant and McCray were arguing when defendant grabbed

1. Defendant contends the trial court erred in finding a relationship which creates the position of trust can exist between a defendant and a third party. As the evidence presented fails to support a finding of a position of trust, however, the facts of this case do not require us to reach that issue and we decline to address it. As we find the trial court improperly found the sole aggravating factor of abuse of position of trust, we therefore do not reach defendant's additional argument as to the trial court's error in imposing an aggravated sentence.

McCray by her shirt and pulled her around the building. McCray responded to this use of force by scratching and clawing at defendant in an attempt to free herself. This evidence fails to support a finding that defendant used and abused an assumed position of trust with Pittmon in order to commit the assault on McCray.

For the reasons stated herein, we find no error in the trial. However, as we find the trial court erred in its finding and application of the aggravating factor of abuse of a position of trust, we remand the case for resentencing consistent with this opinion.

No error in trial; remanded for resentencing.

Judges BRYANT and JACKSON concur.