STATE OF NORTH CAROLINA v. EUGENE TATE HILL

No. 134A11

(Filed 7 October 2011)

**Robbery— with a dangerous weapon—sufficient evidence— motion to dismiss properly denied**

> The majority opinion of the Court of Appeals concluding that the trial court did not err in denying defendant's motion to dismiss the charge of robbery with a dangerous weapon was affirmed. The State presented sufficient evidence to support all the elements of the charge, including that the victim's money was taken via the use or threatened use of a dangerous weapon and that the victim's life was endangered or threatened by the assailant's possession, use, or threatened use of a dangerous weapon during the course of the robbery.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 706 S.E.2d 799 (2011), finding no error in a judgment entered on 29 September 2009 by Judge James U. Downs in Superior Court, Buncombe County. Heard in the Supreme Court 6 September 2011.

**STATE v. HILL**

[365 N.C. 273 (2011)]

*Roy Cooper, Attorney General, by Amanda P. Little, Assistant Attorney General, for the State.*

*Charlotte Gail Blake for defendant-appellant.*

HUDSON, Justice.

The sole issue in this appeal is whether the State presented sufficient evidence to support defendant's conviction of robbery with a dangerous weapon. Specifically, we address whether the State presented substantial evidence that (1) the victim's money was taken via the use or threatened use of a dangerous weapon and (2) the victim's life was endangered or threatened by the assailant's possession, use, or threatened use of a dangerous weapon during the course of the robbery. Viewing the evidence under the well-established standard of review, we conclude that the State presented substantial evidence of these elements of robbery with a dangerous weapon. Hence, we affirm the majority opinion of the Court of Appeals concluding that the trial court did not err in denying defendant's motion to dismiss.

On 6 July 2009, defendant was indicted for allegedly committing robbery with a dangerous weapon on 13 May 2000 in Buncombe County. The indictment alleged that defendant took $100.00 from Kevin Cole ("Mr. Cole") "by means of an assault consisting of having in possession and threatening the use of a sharp object, whereby the life of [Mr.] Cole was threatened and endangered." At trial the State's theory of defendant's guilt was predicated on acting in concert, specifically that defendant had acted as a getaway driver for the man who had wielded the sharp object or knife. After the State presented its evidence, defendant moved to dismiss the charge, arguing the evidence was insufficient. The trial court denied his motion. Defendant then indicated he would not present evidence and renewed his motion to dismiss, which the court again denied. The jury convicted defendant of robbery with a dangerous weapon, and he was sentenced to an active term of 117 to 150 months of imprisonment.

Defendant appealed to the Court of Appeals and argued, *inter alia*, that the trial court erred by denying his motion to dismiss. The majority in the Court of Appeals determined that, viewed in the light most favorable to the State, the evidence was sufficient to survive defendant's motion to dismiss and the trial court did not err in denying the motion. *State v. Hill*, —— N.C. App. ——, ——, 706 S.E.2d 799, 803 (2011). The dissenting judge concluded that the State had failed to present "substantial evidence that a . . . dangerous weapon was

used" and that "a person's life was endangered or threatened" during the robbery, and consequently, "two of the three elements required for robbery with a dangerous weapon are not present." *Id.* at ——, 706 S.E.2d at 807 (Hunter, Jr., Robert N., J., dissenting). As such, the dissenter opined that the trial court should have allowed defendant's motion to dismiss and remanded his case for a new trial on common law robbery. *Id.* at ——, 706 S.E.2d at 807. Defendant appealed to this Court on the basis of the dissenting opinion.

Here defendant argues that his motion to dismiss should have been allowed because the evidence was insufficient to establish that (1) the individual who directly took Mr. Cole's money used or threatened to use a dangerous weapon to do so and (2) Mr. Cole's life was threatened or endangered by the robber's possession, use, or threatened use of a dangerous weapon.

In addressing this issue we are guided by a well-established standard:

> "In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion.

*State v. Mann*, 355 N.C. 294, 301, 560 S.E.2d 776, 781 (citations omitted), *cert. denied*, 537 U.S. 1005, 154 L. Ed. 2d 403 (2002). In deciding whether substantial evidence exists:

> The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion.

*State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980) (citations omitted). The elements of robbery with a dangerous weapon are: " '(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened.' " *State v. Small*, 328 N.C. 175, 181, 400 S.E.2d 413, 416 (1991) (citations omitted); *see also* N.C.G.S. § 14-87(a) (2009).

We summarize the evidence in accordance with this standard. After 9:30 p.m. on 13 May 2000, Mr. Cole and his cousin drove up to an ATM in Asheville, North Carolina. While Mr. Cole was attempting to withdraw money from the ATM, a man approached his vehicle from behind, "pointed his hand with an object in it" at Mr. Cole, grabbed Mr. Cole's arm, and told Mr. Cole "to give [him] the cash or to leave it or something like that." At first, Mr. Cole thought it was a joke, and he grabbed the man's hand and turned to look at his face. Realizing he did not know the man, Mr. Cole tried to escape the situation by letting out the clutch of his car, which caused the vehicle to jump forward and the man's hand to slip free. The man grabbed the money from the ATM and fled on foot. Mr. Cole saw a pickup truck nearby and asked the driver if he had seen anyone, but the driver responded in the negative. Mr. Cole asked the driver to stay until police arrived, but the driver said he had an appointment and left. Mr. Cole's cousin called police to report the robbery, and while waiting for them, wrote down the truck's license plate number. Shortly thereafter, Detective Kevin Taylor ("Detective Taylor") of the Asheville Police Department arrived at the scene.

Mr. Cole sustained a "bleeding laceration on [his] left wrist . . . . [f]rom the robbery." The State introduced a photograph of the wound for "illustrative purposes," and the photograph was published to the jury.

Robert Jones ("Mr. Jones") testified that he was the victim of a similar robbery that also occurred at an ATM in Asheville at approximately 6:15 p.m. the same day.[1] According to Mr. Jones, while he was sitting in his car attempting to withdraw money from the ATM, a man approached, held a knife to his neck, and demanded his wallet. Mr. Jones was "able to push [the man's] arm up and let [his] car roll forward fifteen or twenty feet." He then saw the man take the money from the ATM, run, and enter the passenger's side of "a [19]80's model GMC . . . . or Chevrolet" pickup truck, which he described as "two-tone[d]." Mr. Jones chased the truck, but lost sight of it after several miles.

Detective Taylor testified that he investigated the alleged robberies of Mr. Cole and Mr. Jones. Detective Taylor stated that Mr. Jones told him that as he was trying to withdraw money from the

---

1. At the beginning of defendant's trial, the State indicated it was going to dismiss the robbery with a dangerous weapon charge against defendant for the robbery of Mr. Jones. The trial court permitted Mr. Jones and Detective Taylor to testify about those events.

**STATE v. HILL**

[365 N.C. 273 (2011)]

ATM, a male "held a knife to him," took his money, fled, and got in the passenger's side of "a two-toned, white-and-purple GMC pick-up," which was driven by another white male. Detective Taylor also testified that Mr. Cole told him that "he [Mr. Cole] tried to withdraw money from the ATM and was approached by an individual with a knife who robbed him of his money." Detective Taylor further testified that while looking for the robber, Mr. Cole approached a "two-tone" pickup truck parked in a lot across the street and asked the driver if he had seen anyone fleeing. The driver initially responded " 'yes,' " and Mr. Cole asked him if he would wait for police to arrive while Mr. Cole continued to drive around looking for the suspect. A few minutes later, the same driver in the same truck came back and told Mr. Cole that he "did not see the suspect and that he had to leave to go to an appointment."

Detective Taylor radioed the truck's description and license plate number to other officers. "[W]ithin just a couple of minutes," another officer spotted a truck matching the description with the same license plate number parked behind a nearby hardware store. The officer stopped the truck, which defendant was driving. The license plate on the truck was not assigned to it; rather, it belonged to a van owned by David and Nancy Webb. Further investigation revealed that the Webbs also owned the truck but the license plate was affixed to the wrong vehicle. Police suspected that David Webb was the individual who had committed both ATM robberies and that defendant was the driver of the truck.

Defendant argues that, viewed in the light most favorable to the State, the evidence of the robbery of Mr. Cole merely establishes that "the robber pointed some unidentified object at [Mr.] Cole and took the money from the ATM." Defendant acknowledges that Detective Taylor testified that Mr. Cole told him that he was robbed by a man with a knife. Nonetheless, like the dissenting judge in the Court of Appeals, defendant contends that Detective Taylor's testimony could not be used for substantive purposes because the trial court limited his testimony to corroboration and that the testimony at issue did not corroborate Mr. Cole's testimony because Mr. Cole did not specifically identify or describe the object that he saw in the robber's hand. *Hill*, —— N.C. App. at ——, 706 S.E.2d at 806. We are not persuaded.

The trial transcript indicates that defendant did object to Detective Taylor's testimony on what *Mr. Jones* told him about the *earlier* robbery and that the court ruled this testimony was limited to corroborating *Mr. Jones'* sworn testimony and instructed the jury

accordingly. Yet, defendant did not object on this basis to Detective Taylor's testimony on what *Mr. Cole* told him about the *later* robbery, including the reported use of a knife, nor did defendant request an instruction to limit the purpose of the testimony. Furthermore, the trial court neither ruled that this testimony by Detective Taylor was limited to corroboration nor instructed the jury to this effect, as it did with the testimony regarding Mr. Jones. As this Court has explained: "It is well settled that 'evidence admitted without objection, though it should have been excluded had proper objection been made, is entitled to be considered for whatever probative value it may have,' and the judge is not required to exclude it." *State v.* Jones, 293 N.C. 413, 429, 238 S.E.2d 482, 492 (1977) (citation omitted). Moreover, even assuming, *arguendo*, that Detective Taylor's testimony that Mr. Cole was robbed by a man with a knife was incompetent, "all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on" a motion to dismiss; therefore, this testimony is properly considered for substantive purposes here. *Powell*, 299 N.C. at 99, 261 S.E.2d at 117; *see also State v. Jones*, 342 N.C. 523, 540, 467 S.E.2d 12, 23 (1996) ("When ruling on a defendant's motion to dismiss on the ground of insufficiency of the evidence, it is axiomatic that the trial court should consider all evidence actually admitted, whether competent or not, that is favorable to the State. Thus, the fact that some of the evidence was erroneously admitted by the trial court is not a sufficient basis for granting a motion to dismiss." (internal citation omitted)). Hence, viewed under the well-established standard, the evidence above, which includes Detective Taylor's testimony that Mr. Cole reported being robbed by a man with a knife, is sufficient to establish that the robber used or threatened to use a dangerous weapon to rob Mr. Cole.

Defendant similarly argues that the evidence here is insufficient to establish that Mr. Cole's life was endangered or threatened by the robber's possession, use, or threatened use of a dangerous weapon because

> there is no information about the object the robber may have held and pointed at [Mr.] Cole. There is nothing to identify it as a knife, a pointed object, a heavy object, or sharp object. There is no information as to how the robber used the object other than that he had an object in his hand.

Yet, as noted above, the evidence did suffice to establish that the robber had a knife and that Mr. Cole sustained a bleeding laceration on

his left wrist during the robbery. Defendant also argues that the evidence fails to support this element because Mr. Cole's testimony, his statement to police, and his actions at the scene of the robbery do not indicate that he was afraid of or felt threatened by the robber. But "[t]he question in an armed robbery case is whether a person's life was in fact endangered or threatened by [the robber's] possession, use or threatened use of a dangerous weapon, *not whether the victim was scared or in fear of his life*." *State v. Joyner*, 295 N.C. 55, 63, 243 S.E.2d 367, 373 (1978) (emphasis added) (citation omitted). Again, viewing the evidence under the well-established standard, we conclude it is sufficient to establish that Mr. Cole's life was "endangered or threatened by [the robber's] possession, use or threatened use of a dangerous weapon," namely a knife. *Id.*

We affirm the decision of the Court of Appeals as to the appealable issue of right and hold that the State presented sufficient evidence to support defendant's conviction of robbery with a dangerous weapon. The remaining issues addressed by the Court of Appeals are not properly before this Court and its decision as to these matters remains undisturbed.

AFFIRMED.