An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA14-306

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

    v.

DEANGELO JACOBS

Sampson County
No. 07 CRS 51724


On writ of certiorari to review judgment entered 8 October 2009 by Judge Russell J. Lanier, Jr., in Sampson County Superior Court. Heard in the Court of Appeals 30 June 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Lora C. Cubbage, for the State.*

*Leslie C. Rawls for defendant-appellant.*

BRYANT, Judge.

Where the State presented substantial evidence that defendant acted in concert to commit common-law robbery, defendant's motion to dismiss was properly denied.

On 24 September 2007, defendant Deangelo Jacobs was indicted on one count each of robbery with a dangerous weapon and possession of a firearm by a convicted felon. The matter came on for trial during the 5 October 2009 criminal session of Sampson County Superior Court, the Honorable Russell J. Lanier, Jr., Judge presiding.

The State's evidence tended to show the following. On 22 May 2007, Timothy Johnson was walking home after midnight when he saw defendant and two friends standing on a street corner. Johnson recognized the men from the neighborhood and knew one of defendant's associates by the name "Earl."

When Earl called out to him, Johnson walked over to the group. Defendant approached Johnson and struck him in the face. Johnson returned the blow, knocking defendant to the ground, and was set upon by defendant's associates. Johnson fell down and was hit and kicked by the three men. When Johnson stood up, Earl "snatched" $7 from his pocket. Johnson began to run and heard a popping sound. He turned around and saw defendant firing at him with a handgun. Johnson "ran straight to the house" and had his girlfriend drive him to the police station.

On 7 October 2009, a jury found defendant guilty of common-law robbery and not guilty of possession of a firearm by a

convicted felon. The trial court sentenced defendant to an active prison term of sixteen to twenty months. Defendant appeals.

_____

In his sole argument on appeal, defendant contends the trial court erred by denying his motion to dismiss at the close of the State's evidence. We disagree.

"Upon review of a motion to dismiss, the court determines whether there is substantial evidence, viewed in the light most favorable to the State, of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Lane*, 163 N.C. App. 495, 499, 594 S.E.2d 107, 110 (2004) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984) (citing *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980)). "[T]he State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal[.]" *State v. Hill*, 365 N.C. 273, 275, 715 S.E.2d 841, 843 (2011) (citation and quotation omitted). If the evidence

"is sufficient only to raise a suspicion or conjecture as to either the commission of the offense, or the identity of the defendant as the perpetrator of it, the motion for nonsuit should be allowed. This is true even though the suspicion so aroused by the evidence is strong." *In re Vinson*, 298 N.C. 640, 656—57, 260 S.E.2d 591, 602 (1979) (citation omitted).

"Common law robbery is defined as 'the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear.'" *State v. Jones*, 339 N.C. 114, 164, 451 S.E.2d 826, 854 (1994) (quoting *Smith*, 305 N.C. at 700, 292 S.E.2d at 270). Under the doctrine of concerted action, "[a] person may be found guilty of committing a crime if he is at the scene acting together with another person with a common plan to commit the crime, although the other person does all the acts necessary to commit the crime." *State v. Jefferies*, 333 N.C. 501, 512, 428 S.E.2d 150, 156 (1993) (citing *State v. Joyner*, 297 N.C. 349, 255 S.E.2d 390 (1979)). To sustain a conviction, the evidence must show that the defendant (1) was present at the scene of the crime and (2) "act[ed] together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose." *State v. Wallace*, 104 N.C. App. 498, 504, 410 S.E.2d 226, 230

(1991) (citing *State v. Williams*, 299 N.C. 652, 656—57, 263 S.E.2d 774, 777—78 (1980)). Moreover, the fact that a "defendant did some act forming a part of the crime charged would be strong evidence that he was acting together with another who did other acts leading toward the crimes' commission." *Joyner*, 297 N.C. at 356—57, 255 S.E.2d at 395.

Defendant argues the trial court erred in denying his motion to dismiss because the evidence was insufficient to show that he acted in concert with Earl in robbing Johnson. While conceding the evidence may have shown a common purpose to assault Johnson, defendant contends that it raises only a suspicion or conjecture that he shared a common purpose to commit the robbery.

In *State v. Ikard*, the defendant sat in the back seat of a vehicle with three men and the victim. *State v. Ikard*, 71 N.C. App. 283, 284, 321 S.E.2d 535, 536 (1984). When the vehicle stopped, the defendant and his three associates exited. *Id*. The defendant walked 20-25 feet away from the vehicle taking with him the victim's radio. *Id*. When the victim requested the radio, two of the defendant's associates returned to the car. *Id*. One of them threatened the victim with a shotgun while the other took $18 from the victim's wallet. *Id*. Finding this

evidence insufficient to support concerted action for common law robbery, this Court noted that:

> The State introduced no evidence tending to show that defendant knew that his companions were going to rob Mr. Anderson . . . . Nor was there any evidence tending to show that defendant encouraged the other men in the commission of the crime, or that he by word or deed indicated to them that he stood prepared to render assistance. The most that can be said on this evidence is that defendant was present when the crime was committed, and this is insufficient to take the case to the jury.

*Id*. at 285–86, 321 S.E.2d at 537.

Here, taken in the light most favorable to the State, there is substantial evidence from which the jury could reasonably infer that defendant and Earl joined in a common purpose to rob Johnson. Defendant was not just "present" during the robbery; he acted "in conjunction" with Earl. *Joyner*, 297 N.C. at 356, 255 S.E.2d at 395. Unlike the defendant in *Ikard*, defendant was both "prepared" to and did "render assistance." *Ikard*, 71 N.C. App. at 285–86, 321 S.E.2d at 537. Defendant initiated the physical encounter, struck Johnson in the face, and kicked Johnson while Johnson was on the ground. Defendant also ended the physical encounter by firing his handgun as Johnson was running away.

In contrast to *Ikard*, the assault and robbery of Johnson

were not "distinct and separate" acts. *State v. Lambert*, 149 N.C. App. 163, 167, 560 S.E.2d 221, 224 (2002). Defendant's assault of Johnson gave Earl an opportunity to reach into Johnson's pocket. As such, defendant was not separated from the location of the robbery, *see Ikard*, 71 N.C. App. at 284—86, 321 S.E.2d at 536—37, nor was there significant time between defendant's and Earl's actions. *See Lambert*, 149 N.C. App. at 167, 560 S.E.2d at 224 (noting "no separation by either time or proximity between the [defendant's] bottle-throwing" attacks and his associates beating the victim to death with a tree limb). The evidence thus supports a reasonable inference that defendant was trying to disable Johnson so Earl could take money from him, and afterwards encouraged Johnson to flee by shooting at him. Accordingly, defendant's argument is overruled.

No error.

Judges STROUD and HUNTER, Robert N., Jr., concur.

Report per Rule 30(e).