DILLON, Judge.
 

 *161
 

 *698
 
 Jasen Wilson ("Defendant") appeals from the trial court's judgment entered upon a jury verdict finding him guilty of sex offenses by a person in a parental role. Based on our careful review of the record and of controlling precedent, we conclude that Defendant has failed to demonstrate reversible error.
 

 *699
 
 I. Background
 

 This case arises out of alleged sexual conduct by a stepfather with his then 16-year-old stepdaughter. The evidence at trial tended to show the following:
 

 In 2006, Defendant married and became the stepfather of his new wife's young daughter, Fiona.
 
 [1]
 
 Fiona had never met her birth father, and Fiona grew up knowing Defendant as her father.
 

 Years later, in September 2015, when Fiona was 16 years old, Fiona reported to her high school resource officer that Defendant had "touched her inappropriately" over the past couple of months. Fiona told an investigator that Defendant had digitally penetrated her vagina. Defendant ultimately admitted to a police officer that he touched Fiona in inappropriate ways, but he maintained that he had never digitally penetrated her.
 

 Defendant was indicted on five counts of sexual activity by a substitute parent. At trial, Fiona recanted what she had previously told the investigator. The officer who had interviewed Defendant, though, testified to what Defendant had confessed to him. The jury found Defendant guilty of two of the five counts of sexual activity by a substitute parent. Defendant timely appealed.
 

 II. Analysis
 

 Defendant's appeal focuses on the current state of the law that the State's burden at trial was to show that Defendant
 
 penetrated
 
 Fiona's genitalia with his fingers, not that he merely touched her genitalia. Specifically, Defendant was convicted of two counts of violating
 
 N.C. Gen. Stat. § 14-27.7
 
 (2014).
 
 [2]
 

 To prove a violation of Section 14-27.7, the State must prove that (1) the accused had assumed the position of a parent in the home of a minor victim
 
 [3]
 
 and (2) that he engaged in a "sexual act" with the minor residing in the home.
 

 Id.
 

 *700
 
 The term "sexual act" as defined by our General Assembly does not cover every manner of sexual contact. That is, not every sexual
 
 contact
 
 rises to the level of a sexual
 
 act
 
 . Indeed, our General Assembly has defined "sexual
 
 contact
 
 " more broadly, in relevant part, as the mere touching of a "sexual organ, anus, breast, groin or buttocks[,]"
 
 [4]
 
 whereas our General Assembly has defined "sexual
 
 act
 
 " more narrowly, in relevant part, as "the
 
 penetration
 
 , however slight, by an object into the genital" opening.
 
 N.C. Gen. Stat. § 14-27.1
 
 (2014) (emphasis added).
 

 Accordingly, based on evidence which shows that Defendant had his hands in Fiona's genital area, the State had the burden to prove that Defendant actually digitally penetrated Fiona to establish that Defendant violated Section 14-27.7. Merely touching her genitals is not enough.
 
 [5]
 

 *162
 
 Defendant makes two arguments on appeal, each of which focuses on the trial testimony of the officer who had interviewed Defendant. We address each argument in turn.
 

 A. Denial of Defendant's Motion to Dismiss
 

 Defendant argues that the trial court erred in denying his motion to dismiss, contending that the State failed to offer any competent evidence to show that Defendant penetrated Fiona's genitalia.
 

 Our standard of review is to determine whether the evidence, taken in the light most favorable to the State and giving the State the benefit of
 
 *701
 
 all reasonable inferences, could persuade a rational juror that Defendant, in fact, penetrated (and not merely touched) Fiona's genitalia with his finger.
 
 See
 

 State v. Hill
 
 ,
 
 365 N.C. 273
 
 , 275,
 
 715 S.E.2d 841
 
 , 842-83 (2011). If all reasonable inferences of such evidence merely "raise a suspicion or conjecture" that Defendant penetrated Fiona's genitalia, then it was the trial court's duty to allow Defendant's motion to dismiss.
 
 See
 

 State v. Scott
 
 ,
 
 356 N.C. 591
 
 , 595,
 
 573 S.E.2d 866
 
 , 868 (2002).
 

 Here, the only substantive, competent evidence offered by the State at trial in its attempt to show that Defendant penetrated Fiona was through the testimony of the officer who recounted what Defendant confessed to him.
 
 [6]
 
 This officer testified that Defendant confessed to putting his hands "in [Fiona's] genital area" with her consent, which caused her to become sexually aroused:
 

 A. [Officer describing that Defendant confessed that he and Fiona] would spoon, watching [TV.] At times, she would put my hands in her genital area, and I would pull my hand back and she would put it back there. And then I realized it's something she wanted to feel, so I would let her experience that. She felt safe with me. She felt comfortable with me. So there were times that she put my hand in her pants.
 

 [Officer then described his] line of questioning [that] went, was she excited about it, was it something she wanted? And that's when [Defendant] talked about her actually being wet and he could feel that, on a couple of occasions, but it was something that she wanted. ... [He] went on to talk about it occurring more, you know, other times it had occurred.
 

 Q. So he indicated to you that this happened on several occasions, is that correct?
 

 A. Yes, ma'am.
 

 * * * *
 

 Q. Did [Defendant] indicate, even though he called her the aggressor, did he indicate that he participated in the act?
 

 *702
 
 A. Well, yes. He said that, you know, whenever she wanted-what he described as that he did not want her to experience this anywhere else. He-because she felt safe with him, he wanted her to experience it with him. He felt like that it was something that she was exploring. He didn't want to stifle that exploration. He wanted her to be able to feel these things.
 

 *163
 
 We conclude that a rational juror, hearing this description of Defendant being "in" Fiona's genital area, wanting her to experience sexual stimulation by his touch, feeling that she was "wet," and feeling that she was sexually stimulated by his touch, could reasonably infer that Defendant at least penetrated Fiona's labia, notwithstanding that a rational juror could reasonably infer otherwise.
 
 See, e.g.,
 

 State v. Walston
 
 ,
 
 367 N.C. 721
 
 , 729,
 
 766 S.E.2d 312
 
 , 318 (2014) (holding that "[t]he entering of the labia is sufficient to establish [penetration]"). We note Defendant's statement to the officer denying penetrating Fiona, but we are to disregard this and other evidence unfavorable to the State in considering the sufficiency of the State's evidence.
 
 Hill
 
 ,
 
 365 N.C. at 275
 
 ,
 
 715 S.E.2d at 842-83
 
 .
 

 We also note that in
 
 State v. Whittemore
 
 our Supreme Court held that testimony that the accused told the alleged victim to pull her pants down and then proceeded to "put his hand on [her] privates" for "two or three minutes," then "put his mouth ... on [her] privates" for about "one or two minutes," and then "[rubbed] his privates at [her] privates rubbing it up and down" was insufficient to prove that any penetration had occurred.
 
 Whittemore
 
 , 255 N.C. at 586, 122 S.E.2d at 398. By contrast, the facts of the present case raise more than a mere suspicion or conjecture that penetration occurred. Though the evidence does not conclusively establish penetration, we conclude that a juror could reasonably infer that penetration occurred.
 

 B. Plain Error
 

 Defendant argues that the trial court plainly erred by allowing the officer to give his "opinion" that (quoting Defendant's brief) "the secretions a woman emitted during sexual arousal can only be detected by vaginal penetration" and that, based on Defendant's confession, the fact that Defendant could feel that Fiona was "wet" in her genital area means penetration must have occurred:
 

 Q. And the specific sexual act that you were talking about, how would you characterize that? What sexual act was being committed, according to what he was saying?
 

 *703
 
 A. At that point, I would think he had his hands in his (sic) pants and he was digitally penetrating her. That would be the sexual act I would be thinking about, or talking about. If he could feel [her being wet], that would lead me to believe he had to do it.
 

 Also, on cross-examination, the officer agreed that "you cannot feel the wetness unless your finger is inside the vagina[.]"
 

 In order to properly preserve an evidentiary error for appellate review, the appealing party must have objected at trial.
 
 State v. Odom
 
 ,
 
 307 N.C. 655
 
 , 659,
 
 300 S.E.2d 375
 
 , 378 (1983). If the appealing party fails to object at the appropriate time, our review is limited to plain error.
 
 Id.
 
 at 660,
 
 300 S.E.2d at 378
 
 . Under plain error review, we first "must determine that an error occurred at trial."
 
 State v. Miller
 
 , --- N.C. ----, ----,
 
 814 S.E.2d 81
 
 , 83 (2018). If we determine that the "judicial action questioned amounted to error,"
 
 see
 
 N.C. R. App. P. 10(a)(4), then we must determine whether, absent that error, the jury would have probably reached a different result.
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012).
 

 Here, Defendant did not object to the officer's testimony. Therefore, we review for plain error. Assuming that the trial court erred by not striking the testimony, we conclude that such error did not rise to the level of plain error. Absent the officer's "opinion" concerning female anatomy, there was sufficient competent evidence for the jury to conclude that Defendant had penetrated Fiona, as set forth in the previous section of this opinion. Defendant has identified no evidence or argument presented at trial indicating that the jury was led to believe that the officer's knowledge of female anatomy exceeded the knowledge of that of the jurors. Accordingly, we do not believe that it is reasonably probable that the jury was swayed by the officer's "opinion" regarding female anatomy such that it would have reached a different result had his "opinion" not been before the jury.
 

 NO ERROR.
 

 Judges DAVIS and INMAN concur.
 

 [1]
 

 A pseudonym.
 

 [2]
 

 This statute has been re-codified to
 
 N.C. Gen. Stat. § 14-27.31
 
 (2015). Because the events at issue occurred prior to 1 December 2015, we reference the prior citation.
 

 [3]
 

 Defendant does not challenge on appeal that the State's evidence at trial was sufficient to establish that he had assumed the role of Fiona's parent.
 

 [4]
 

 This statute was re-codified to
 
 N.C. Gen. Stat. § 14-27
 
 -20 in 2015.
 

 [5]
 

 Any sexual contact by Defendant with Fiona, a minor of whom he had assumed the position of a parent, may seem morally reprehensible. But all the evidence at trial showed that Fiona had reached the age of 16 when her alleged encounters with Defendant occurred. In North Carolina, the "age of consent" is 16. Therefore, assuming that Fiona lawfully consented to these encounters with her stepfather, any act of touching her genital area for his sexual gratification is not a crime under our statutes criminalizing indecent liberties with a child,
 
 N.C. Gen. Stat. § 14-202.1
 
 (2015) (stating the victim must be under 16 years of age). Our Supreme Court has recognized that one can be guilty of a crime against nature pursuant to
 
 N.C. Gen. Stat. § 14-177
 
 for a sexual encounter with a victim under 18,
 
 see
 

 State v. Hunt
 
 ,
 
 365 N.C. 432
 
 , 440,
 
 722 S.E.2d 484
 
 , 490 (2012) ; however, our Supreme Court has also held that "penetration" is a required element of a crime against nature,
 
 see
 

 State v. Whittemore
 
 ,
 
 255 N.C. 583
 
 , 585,
 
 122 S.E.2d 396
 
 , 398 (1961) (holding that "not every act of sexual perversion is encompassed within the definition of 'the crime against nature' .... The crime ... is not complete without penetration, however slight ...."). Our General Assembly has only criminalized consensual sexual encounters between a stepfather who has assumed the role of a parent and his minor stepdaughter who has reached her sixteenth birthday and is living under his roof where the encounters rise to the level of a "sexual
 
 act
 
 " as defined by our General Assembly. Mere "sexual
 
 contact
 
 ," even if done for the stepfather's sexual gratification, is not enough, so long as the sixteen-year old stepdaughter lawfully consents.
 

 [6]
 

 Statements of a defendant are admissible as exceptions to hearsay under rule 801(d) of the North Carolina Rules of Evidence. N.C. Gen. Stat. § 8C-801(d) (2015).