STATE v. HUCKS

[332 N.C. 650 (1992)]

---

STATE OF NORTH CAROLINA v. KENNETH ODELL HUCKS

No. 157A92

(Filed 19 November 1992)

1. **Evidence and Witnesses § 84 (NCI4th) — murder victim's wife — recent heart attack — relevancy**

Evidence tending to show that a murder victim's wife had recently suffered a heart attack was relevant and admissible for the purpose of showing why she and the victim had communicated with each other by telephone, causing her to know that he was killed after 3:45 p.m. N.C.G.S. § 8C-1, Rule 401.

**Am Jur 2d, Evidence § 253.**

2. **Evidence and Witnesses § 621 (NCI4th) — identification testimony — waiver of right to contest on constitutional grounds**

Defendant waived the right to contest the admissibility of a witness's identification of defendant at trial on the ground that it was the result of unconstitutionally suggestive pretrial identification procedures by failing to challenge this evidence by one of the methods provided in N.C.G.S. Ch. 15A, Art. 53.

**Am Jur 2d, Appeal and Error §§ 601, 602; Trial §§ 405, 406.**

Appeal of right pursuant to N.C.G.S. § 7A-27(a) from judgment entered by Bowen, J., on 4 December 1991, in the Superior Court, Robeson County, sentencing the defendant to life imprisonment for murder in the first degree. Submitted to the Supreme Court on 8 October 1992 without oral argument, by motion of the parties, pursuant to Rule 30(d) of the North Carolina Rules of Appellate Procedure.

*Lacy H. Thornburg, Attorney General, by Jeffery P. Gray, Assistant Attorney General, for the State.*

*Donald W. Bullard for the defendant-appellant.*

MITCHELL, Justice.

This is the defendant's second appeal of this case. On his first appeal, this Court ordered a new trial for errors committed in the trial court. *State v. Hucks*, 323 N.C. 574, 374 S.E.2d 240 (1988). Thereafter, the defendant was retried in a non-capital trial upon a proper bill of indictment charging him with murder and entered a plea of not guilty. The jury found the defendant guilty of murder in the first degree and the trial court imposed a sentence of life imprisonment. The defendant appealed to this Court as a matter of right.

The State's evidence tended to show *inter alia* that the victim, Earl Allen, owned and operated a jewelry store in St. Pauls, North Carolina. He left home to go to the store at approximately 8:00 a.m. on Saturday, 5 October 1985. During that day, he called his wife several times to check on her because she was recuperating from a heart attack. She last talked with him around 3:45 p.m.

Peggy Holloman Owens entered the jewelry store on 5 October 1985 to have her watch repaired. While she was there, the defendant and another man entered the store and looked around before going back outside. As Owens left, she saw the defendant and the other man go back into the jewelry store.

Mildred Durham Couthen and Mike Hicks entered Earl Allen's jewelry store at approximately 3:45 p.m. on 5 October 1985 to pick up a watch and bracelet. They saw the defendant and another man behind the jewelry counter. The defendant said, "bye, see you later," as he came out from behind the counter and left the store.

After the two men left the store, Mildred Couthen realized that something was wrong and called out for Earl Allen. When he did not answer, she stepped out of the store onto the sidewalk and saw the defendant and the other man start running. One of the men was carrying a brown paper bag.

Mildred Couthen reentered the store and found Earl Allen lying on the floor behind the counter with blood on his face. She told Mike Hicks that Allen had been shot and ran next door to

call an ambulance. An ambulance arrived and took Allen to a hospital, where he died. Dr. Bob Barcus Andrews, a pathologist, performed an autopsy on the body of the victim. He identified the cause of death as a gunshot wound to the victim's head.

A search of the defendant's residence pursuant to a search warrant yielded several watches from the victim's jewelry store. When the defendant was arrested, he stated that the watch he was wearing was one of the watches that came from the robbery. Extensive additional evidence was introduced for the State. In light of the issues presented by the defendant on appeal, however, it is unnecessary to review that evidence here. The jury found the defendant guilty of murder in the first degree, and the trial court entered judgment sentencing him to life imprisonment.

By an assignment of error, the defendant contends that the medical condition of Melba Allen on the day her husband was murdered was irrelevant and immaterial to any issue arising during the trial of this case. He argues that the admission of this evidence was error tending to incense the jury against him and worked to his substantial prejudice.

[1] Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1988). The evidence in the present case tending to show that the victim's wife had recently suffered a heart attack was relevant and admissible for the purpose of showing why she and the victim had communicated with each other by telephone, causing her to know that he was killed after 3:45 p.m. *See State v. Roper*, 328 N.C. 337, 402 S.E.2d 600, *cert. denied*, --- U.S. ---, 116 L. Ed. 2d 232 (1991); *State v. Whiteside*, 325 N.C. 389, 383 S.E.2d 911 (1989). This assignment of error is without merit.

[2] By another assignment of error, the defendant contends that the trial court committed reversible error by failing to conduct a *voir dire* hearing to determine whether the identification of the defendant at trial by witness Linda McGee was the result of un-constitutionally suggestive pretrial identification procedures. The defendant candidly acknowledges that he failed to challenge this evidence by one of the methods provided in Article 53 of Chapter 15A of the General Statutes. His failure to do so constitutes a waiver of any right to contest the admissibility of the evidence

**STATE v. HUCKS**

[332 N.C. 650 (1992)]

in question on constitutional grounds. *State v. Maccia*, 311 N.C. 222, 316 S.E.2d 241 (1984). Accordingly, this assignment of error is overruled.

The defendant has brought forward other assignments of error on appeal but has not supported them with argument or authority. As a result, those assignments are deemed abandoned under Rule 28(b)(5) of the North Carolina Rules of Appellate Procedure. *State v. Wilson*, 289 N.C. 531, 223 S.E.2d 311 (1976).

For the foregoing reasons, we conclude that the defendant's trial was free of prejudicial error.

No error.