ELMORE, Judge.
On 18 March 2014, an officer during a traffic stop found cocaine in defendant Juan Antonia Miller's pocket. A jury convicted defendant of possessing cocaine. He appealed the resulting judgment, arguing the trial court plainly erred by admitting the cocaine into evidence because it constituted tainted fruit seized during the officer's unlawful traffic-stop search; alternatively, defendant argued, if we determined his Fourth Amendment arguments were not preserved for appellate review, he received IAC because his trial attorney never moved to suppress the cocaine. State v. Miller, --- N.C. App. ----, ----, 795 S.E.2d 374, 376 (2016), rev'd , --- N.C. ----, 814 S.E.2d 81 (2018). We concluded that, despite his failure to move to suppress the cocaine, defendant was still entitled to plain-error review as to whether its admission into evidence violated his Fourth Amendment rights, and thus declined to address his alternative IAC claim. Id. at ----, ----, 795 S.E.2d at 376, 379. We held the trial court plainly erred by admitting the cocaine and ordered defendant receive a new trial. Id. at ----, 795 S.E.2d at 379.
On the State's petition for discretionary review, our Supreme Court reversed, concluding that a defendant's failure to move to suppress evidence precluded appellate review as to its admissibility under the Fourth Amendment, including for plain error. Miller , ---- at ----, 814 S.E.2d at 85 ("In sum, because defendant did not file a motion to suppress evidence of the cocaine in question, he deprived our appellate courts of the record needed to conduct plain error review. By doing so, he completely waived appellate review of his Fourth Amendment claims."). Thus, our Supreme Court held, this Court improperly conducted plain-error review of defendant's challenges to the admissibility of the cocaine evidence, rather than dismissing his Fourth Amendment claims as waived. Id. Accordingly, our Supreme Court reversed our decision and remanded the case to this Court "for consideration of defendant's ineffective assistance of counsel claim." Id. at ----, 814 S.E.2d at 85-86.
On remand, we conclude the record is insufficient for us to determine whether defendant's trial counsel's decision not to move to suppress the cocaine was strategic or reasonable under the circumstances and, therefore, whether his performance was constitutionally deficient. Cf. State v. Todd , 369 N.C. 707, 712, 799 S.E.2d 834, 838 (2017) (holding the cold record insufficient to address a defendant's IAC claim based upon his appellate counsel's failure to challenge the evidentiary sufficiency of his conviction). Accordingly, we dismiss defendant's IAC claim without prejudice to his right to reassert it in a subsequent motion for appropriate relief proceeding in the trial court. See, e.g. , State v. Fair , 354 N.C. 131, 166-67, 557 S.E.2d 500, 524-25 (2001) ("IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing"; however, "should the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent MAR proceeding." (citations omitted) ).
DISMISSED.
Report per Rule 30(e).
Judges ZACHARY and BERGER concur.