DAVIS, Judge.
Ricky Hill ("Defendant") appeals from his convictions for trafficking in opium by possession, maintaining a dwelling for keeping or selling controlled substances, and possession with intent to sell or deliver cocaine. On appeal, Defendant argues that the trial court erred by admitting evidence that was obtained as a result of a warrantless search in violation of the Fourth Amendment. After a thorough review of the record and applicable law, we affirm Defendant's convictions.
Factual and Procedural Background
The State presented evidence tending to establish the following facts: On 27 August 2015, Joshua Lanier and Jason Dzierzynski, probation officers in Martin County, approached the house of Darryl Speller, an individual who was on probation. Officer Dzierzynski was Speller's probation officer, and the two officers were visiting Speller's home in order to conduct a warrantless search of the residence. The probation officers were also accompanied by officers working for the Williamston Police Department.
Upon arriving at Speller's home, the officers observed Defendant standing in the front yard. The officers knew that Defendant had been living in Speller's home and asked him if Speller was inside the home. Defendant responded in the negative.
While speaking with Defendant, Officer Lanier looked through the open front door of the house and observed Speller "walk[ing] from right to left towards the left side of the house inside." He asked Defendant once more if Speller was inside, and Defendant again stated that he was not present.
Officer Lanier approached the front door, and Speller came to the door. The officers informed Speller that they were conducting a warrantless search of the home in accordance with his probation. The officers then handcuffed Speller while they conducted the search. They informed Defendant that he was free to either stay or leave the premises while they searched the home, and Defendant chose to leave.
While searching the home, the officers discovered two bags of powder cocaine and five bags of crack cocaine that were located inside a pair of size eleven-and-a-half shoes. Because Speller wore a size thirteen shoe, the officers concluded that the bags of cocaine belonged to Defendant. The officers also discovered a pill bottle with Defendant's name written on it that contained hydrocodone pills.
Defendant was subsequently arrested and charged with trafficking in opium by possession, maintaining a dwelling for keeping or selling controlled substances, and two counts of possession with intent to sell or deliver cocaine. A jury trial was held beginning on 17 July 2017 before the Honorable Cy A. Grant in Martin County Superior Court. The State presented testimony from Officer Lanier and four other witnesses. At the close of trial, the court dismissed one count of possession with intent to sell or deliver cocaine based on insufficient evidence.
On 18 July 2017, the jury found Defendant guilty of the remaining charges. The trial court sentenced Defendant to a term of 90 to 120 months imprisonment for the trafficking charge, a consecutive term of 8 to 19 months imprisonment for the maintaining a dwelling charge, and a consecutive term of 11 to 23 months imprisonment for the possession charge. Defendant entered oral notice of appeal.
Analysis
I. Plain Error
Defendant first argues that the trial court erred by allowing the State to introduce evidence obtained from a warrantless search of the home where Defendant had been staying. Because Defendant failed to object to Officer Lanier's testimony, he contends that we should review this issue for plain error. See N.C. R. App. P. 10(a)(4) ("In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.").
However, our Supreme Court recently held that a defendant is not entitled to plain error review where he fails to file a motion in the trial court to suppress evidence that he contends on appeal was erroneously admitted in violation of the Fourth Amendment. See State v. Miller , --- N.C. ----, ----, 814 S.E.2d 81, 85 (2018) (holding that defendant waived appellate review of admissibility of evidence of cocaine where he failed to file motion to suppress evidence before or during trial). As the Supreme Court stated in Miller , "[t]o allow plain error review in a case like this one ... would penalize the government for failing to introduce evidence on probable cause for arrest or other matters bearing on the Fourth Amendment claim when defendant's failure to raise an objection before or during trial seemed to make such a showing unnecessary." Id. at ----, 814 S.E.2d at 84 (citation, quotation marks, and brackets omitted). Thus, Defendant's argument has not been properly preserved for appellate review.
II. Ineffective Assistance of Counsel
In the alternative, Defendant argues that he was deprived of effective assistance of counsel because his trial counsel failed to file a motion to suppress and did not object to the admission of the evidence when it was offered during trial. In order to prevail on an ineffective assistance of counsel claim, "a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." State v. Phillips , 365 N.C. 103, 118, 711 S.E.2d 122, 135 (2011) (citation and quotation marks omitted), cert. denied , 565 U.S. 1204, 182 L.Ed. 2d 176 (2012).
Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
State v. Allen , 360 N.C. 297, 316, 626 S.E.2d 271, 286 (internal citations and quotation marks omitted), cert. denied , 549 U.S. 867, 166 L.Ed. 2d 116 (2006).
Defendant contends that his counsel's performance was deficient because he failed to file a motion to suppress evidence of the cocaine and subsequent statements made by him to officers despite the fact that this evidence was obtained in violation of his rights under the Fourth Amendment. Specifically, he contends that the search violated the Fourth Amendment because (1) Defendant was an overnight guest in Speller's house; (2) neither Defendant nor Speller gave consent for the officers to search the premises; and (3) the State did not demonstrate that the search was directly related to Speller's probation.
In support of his argument, Defendant cites our recent decision in State v. Powell , --- N.C. App. ----, 800 S.E.2d 745 (2017). In Powell , a team of officers searched the defendant's home as "part of an operation conducting searches of seven or eight individuals who were on probation, parole, or post-release supervision in a particular geographic area of Catawba County." Id. at ----, 800 S.E.2d at 747 (quotation marks and brackets omitted). The search "target[ed] violent offenses involving firearms and drugs" but "not all offenders that were selected [for the search] had that criteria." Id. at ----, 800 S.E.2d at 747. Although the defendant was on probation, his probation officer did not participate in the search and was not informed of the search prior to its occurrence. Id. at ----, 800 S.E.2d at 753 n.3. Upon searching the defendant's home, the team of officers discovered multiple firearms, and the defendant was subsequently charged with possession of a firearm by a felon. Id. at ----, 800 S.E.2d at 747.
On appeal, the defendant argued that the trial court had erred by denying his motion to suppress evidence of the firearms that were obtained during the search. He argued that the warrantless search of his home was not "directly related" to his probation supervision and was therefore unlawful under N.C. Gen. Stat. § 15A-1343(b)(13). Based on our review of the testimony offered during the suppression hearing, we held that the State had failed to meet its burden of showing that the search of the defendant's home was "for purposes directly related to the probation supervision" as required by N.C. Gen. Stat. § 15A-1343(b)(13). Id. at ----, 800 S.E.2d at 754. Thus, we reversed the trial court's denial of the defendant's motion to suppress. Id. at ----, 800 S.E.2d at 754.
In the present case, unlike in Powell , there was no motion to suppress filed and, therefore, no suppression hearing was held. Moreover, the record is not developed on the issue of whether the search of Speller's residence was constitutionally permissible based on Speller's status as a probationer. Thus, we do not believe that the cold record enables us to apply the test for ineffective assistance of counsel. Accordingly, we dismiss this claim without prejudice to Defendant's right to reassert it in a motion for appropriate relief. See State v. Fair , 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001) (holding that when reviewing court determines ineffective assistance of counsel claim has been prematurely asserted on direct appeal, it shall dismiss that claim without prejudice to defendant's right to reassert it during subsequent motion for appropriate relief in trial court), cert. denied , 535 U.S. 1114, 153 L.Ed. 2d 162 (2002).
Conclusion
For the reasons stated above, we affirm Defendant's convictions.
AFFIRMED.
Report per Rule 30(e).
Judges ELMORE and DILLON concur.