IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-700

Filed: 5 May 2020

Haywood County, No. 18 CRS 051417

STATE OF NORTH CAROLINA

v.

MATTHEW WILLIAM RAY

Appeal by defendant from judgments entered 28 November 2018 by Judge Athena F. Brooks in Haywood County Superior Court. Heard in the Court of Appeals 22 January 2020.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Steven Armstrong, for the State.*
>
> *The Epstein Law Firm PLLC, by Drew Nelson, for defendant-appellant.*

ZACHARY, Judge.

Defendant Matthew William Ray appeals from judgments entered upon a jury's verdicts finding him guilty of trafficking in opium or heroin by possessing and transporting 28 grams or more. Defendant argues that the trial court (1) committed plain error by allowing the State to introduce into evidence hydrocodone tablets collected by law enforcement officers during a search of Defendant's vehicle; and (2) erred by entering two civil judgments for fees without first providing Defendant with notice and an opportunity to be heard. After careful review, we hold that Defendant waived any right to appellate review of his claim of plain error, and dismiss this claim.

Further, we vacate the trial court's civil monetary judgments, and remand for further proceedings on this issue.

## Background

On 30 April 2018, Detectives Robert Skiver and Brad Miller of the Waynesville Police Department and Detective Mitch McAbee of the Haywood County Sheriff's Office sat in an unmarked surveillance van in a church's parking lot in Waynesville, North Carolina. The detectives were "not a routine patrol."

After a while, the detectives observed Defendant drive by in a white Ford Ranger with a "Century Appliance" sign on its side, traveling at a high rate of speed in a 35-mile-per-hour zone. Due to the vehicle's speed, the detectives immediately pulled out behind Defendant's truck and followed him for approximately two miles.[1] While following Defendant, they observed that one of the truck's taillights was broken. They also observed the truck drift over the double line and into the other lane of travel before ultimately turning—without signaling—into the parking lot of Defendant's workplace, Century Appliance, where he exited the truck. The detectives

---

[1] Detective McAbee testified that it is common practice for the "unit" to engage in such activity. Detective Skiver noted that the Waynesville Police Department is "very undermanned, very understaffed. [Routine patrols] were all busy with calls; could not get anyone to respond or get anyone there."

parked "caddy-corner [sic] to the left side of his vehicle" and approached Defendant "to talk to him about his driving."[2]

While speaking with Defendant, Detective Skiver noticed a firearm laying on the front seat of Defendant's truck, and he "retrieved the gun for safety purposes." Detective Skiver handed the gun to Detective McAbee, who "put it in a safe place" inside of the detectives' unmarked vehicle while Detectives Miller and McAbee continued to speak with Defendant. After securing the firearm, Detective Skiver requested Defendant's permission to search the vehicle. Defendant gave his consent.

During his search of Defendant's vehicle, Detective Skiver discovered "a little baggie with some crystalized residue in it and a straw that was . . . consistent with a straw that's modified for snorting or ingesting a controlled substance." He also discovered a plastic bag containing 90 hydrocodone tablets, wrapped in a paper bag and placed in a cooler. He issued Defendant a warning citation for speeding, and arrested Defendant for transporting 28 grams or more of opiates. *See* N.C. Gen. Stat. § 90-95(H)(4)(c) (2019).

After his arrest, a Haywood County grand jury returned a true bill of indictment formally charging Defendant with trafficking in opium or heroin by

---

[2] The detectives were wearing plain clothes when they approached Defendant. However, they properly displayed their badges and identified themselves as law enforcement officers before engaging with Defendant.

possessing and transporting 28 grams or more.[3]  On 27 November 2018, Defendant's case came on for a jury trial before the Honorable Athena F. Brooks in Haywood County Superior Court.  At no point during the proceedings—neither prior to nor during trial—did Defendant move to suppress the 90 hydrocodone tablets discovered during Detective Skiver's search of Defendant's truck.  At the conclusion of all of the evidence, the jury returned verdicts finding Defendant guilty of both charges.

On 28 November 2018, the trial court entered two judgments, sentencing Defendant to two consecutive terms of 225 to 282 months in the custody of the North Carolina Division of Adult Correction and imposing two fines of $500,000 each.  The trial court also entered two civil judgments against Defendant, ordering him to pay $3,975 in attorney's fees and a $60 attorney-appointment fee.

Defendant gave oral notice of appeal from the trial court's judgments in open court.  Defendant subsequently filed a petition for writ of certiorari with this Court, seeking review of the monetary civil judgments entered by the trial court. In our discretion, we allow Defendant's petition.

## Discussion

The dispositive issue in this case rests on Defendant's Fourth Amendment argument that he was "illegally seized by the police immediately prior to giving

---

[3] A 9 July 2018 indictment erroneously charged Defendant with two counts of trafficking in opium or heroin by possessing 28 grams or more.  The error was corrected in a superseding indictment issued on 10 September 2018.

consent to search his vehicle," thereby invalidating his consent. Defendant contends that, as a result, the trial court committed plain error by allowing the State to introduce evidence of the 90 hydrocodone tablets discovered during Detective Skiver's search of his vehicle. However, we dismiss this argument because we conclude that Defendant has waived appellate review of this issue.

## I. Appellate Waiver

"A motion to suppress evidence . . . is the exclusive method of challenging the admissibility of evidence" when a party seeks to suppress unlawfully obtained evidence. N.C. Gen. Stat. § 15A-979(d).

With limited exception, a criminal defendant "may move to suppress evidence only prior to trial[.]" *Id.* § 15A-975(a). In any case, "the governing statutory framework requires a defendant to move to suppress at *some* point during the proceedings of his criminal trial." *State v. Miller*, 371 N.C. 266, 269, 814 S.E.2d 81, 83 (2018). He certainly "cannot move to suppress for the first time *after* trial." *Id.* Yet, that is essentially what a defendant is doing when he raises Fourth Amendment arguments for the first time on appeal. *Id.*

"When a defendant files a motion to suppress before or at trial . . . that motion gives rise to a suppression hearing and hence to an evidentiary record pertaining to that defendant's suppression arguments." *Id.* Indeed, "[f]act-intensive Fourth Amendment claims . . . require an evidentiary record developed at a suppression

hearing." *Id.* at 270, 814 S.E.2d at 83-84. "Without a fully developed record, an appellate court simply lacks the information necessary to assess the merits of a defendant's plain error arguments." *Id.* at 270, 814 S.E.2d at 83.

Here, Defendant argues that the trial court committed plain error in admitting evidence of the 90 hydrocodone tablets discovered during Detective Skiver's search of his vehicle. Specifically, Defendant contends that he was "illegally seized" when the detectives secured his firearm, and that this seizure invalidated his subsequent consent to search the truck, thereby rendering the hydrocodone tablets the fruit of an unlawful search. However, Defendant acknowledges that he failed to move to suppress the hydrocodone tablets' admission into evidence.

Defendant's argument is foreclosed by *State v. Miller*, 371 N.C. 266, 814 S.E.2d 81 (2018), in which our Supreme Court addressed, as a matter of first impression, "whether plain error review is available when a defendant has not moved to suppress." 371 N.C. at 269, 814 S.E.2d at 83. In *Miller*, the defendant was arrested after law enforcement officers searched his vehicle and found cocaine. *Id.* at 267, 814 S.E.2d at 82. The defendant did not move to suppress evidence of the cocaine at any point prior to or during his trial. *Id.* at 268, 814 S.E.2d at 82. On appeal to this Court, the defendant sought plain error review of the trial court's admission of the cocaine, as well as testimony from the officer who discovered it, contending that "the seizure of the cocaine resulted from various Fourth Amendment violations." *Id.* In

particular, the defendant asked our Court to determine whether he "voluntarily consented to a search that resulted in the discovery of incriminating evidence." *Id.* at 270, 814 S.E.2d at 83. We held that the officer unconstitutionally extended the traffic stop, and that, even if the officer had not done so, the "defendant's consent to the search of his person was not valid." *Id.* at 268, 814 S.E.2d at 82.

After allowing the State's petition for discretionary review, our Supreme Court reversed the decision of this Court. In doing so, our Supreme Court held that the "defendant's Fourth Amendment claims [we]re not reviewable on direct appeal, *even for plain error*, because he completely waived them by not moving to suppress evidence of the cocaine before or at trial." *Id.* at 267, 814 S.E.2d at 82 (emphasis added). The *Miller* Court further explained that, by failing to "file a motion to suppress evidence of the cocaine in question, [the defendant] deprived our appellate courts of the record needed to conduct plain error review. By doing so, he completely waived appellate review of his Fourth Amendment claims." *Id.* at 273, 814 S.E.2d at 85.

The *Miller* Court reasoned that "a defendant cannot move to suppress for the first time *after* trial[,]" which he does "[b]y raising his Fourth Amendment arguments for the first time on appeal[.]" *Id.* at 269, 814 S.E.2d at 83. Additionally,

> Defendant fail[ed] to distinguish between cases like his, on the one hand, and cases in which a defendant has moved to suppress and both sides have fully litigated the suppression issue at the trial court stage, on the other.

> When a case falls into the latter category but the
> suppression issue is not preserved for some other reason,
> our appellate courts may still conduct plain error review.

*Id.* at 272, 814 S.E.2d at 85. "But when a defendant, such as [the] defendant here, does *not* file a motion to suppress at the trial court stage, the evidentiary record pertaining to his suppression arguments has not been fully developed, and may not have been developed at all." *Id.* at 269, 814 S.E.2d at 83. "Without a fully developed record, an appellate court simply lacks the information necessary to assess the merits of a defendant's plain error arguments." *Id.* at 270, 814 S.E.2d at 83-84.

These same principles apply to the case at bar. Here, as in *Miller*, Defendant raises a fact-intensive Fourth Amendment issue for the first time on appeal. Defendant was arrested after law enforcement officers searched the truck and found 90 hydrocodone tablets. Prior to executing the search, Detective Skiver requested— and Defendant provided—Defendant's consent to search the truck. Although Defendant now contends on appeal that the detectives' earlier retrieval of his firearm from the truck invalidated his consent, this question is not properly before us. Defendant did not move to suppress evidence of the hydrocodone tablets prior to or during his trial. Thus, the issue was not "fully litigated" by "both sides" at the trial court stage, and the appellate record is therefore insufficient to review his claim. *Id.* at 272, 814 S.E.2d at 85.

As *Miller* clearly reiterates, a motion to suppress was the "exclusive method" by which Defendant could contest the admissibility of such evidence on constitutional grounds. N.C. Gen. Stat. § 15A-979(d). Yet, as in *Miller*, Defendant impermissibly "move[s] to suppress for the first time after trial" by "raising his Fourth Amendment arguments for the first time on appeal." *Miller,* 371 N.C. at 269, 814 S.E.2d at 83 (emphasis omitted).

Because Defendant never moved to suppress evidence of the hydrocodone tablets, there was no suppression hearing, and we therefore lack the fully developed record necessary to conduct plain error review. Consequently, we conclude that Defendant has completely waived appellate review of his Fourth Amendment claim. *See id.* at 273, 814 S.E.2d at 85. Accordingly, we dismiss Defendant's challenge to the judgments entered upon his convictions for trafficking in opium or heroin by possessing and transporting 28 grams or more.

## II. Civil Judgments

On 10 September 2019, Defendant filed a petition for writ of certiorari, seeking review of the two civil judgments entered against Defendant by the trial court. Defendant maintains, and the State concedes, that the trial court improperly imposed attorney's fees and an attorney-appointment fee against Defendant without providing him with notice and an opportunity to be heard, as required by N.C. Gen. Stat. § 7A-455. We agree.

"A convicted defendant is entitled to notice and an opportunity to be heard before a valid judgment for costs can be entered." *State v. Webb*, 358 N.C. 92, 101, 591 S.E.2d 505, 513 (2004) (citation omitted). Prior to "entering money judgments against indigent defendants for fees imposed by their court-appointed counsel under N.C. Gen. Stat. § 7A-455," trial courts must "ask defendants—personally, not through counsel—whether they wish to be heard on the issue." *State v. Friend*, 257 N.C. App. 516, 523, 809 S.E.2d 902, 907 (2018). If the trial court does not conduct a colloquy directly with the defendant on this issue, then "the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard." *Id.*

"Accordingly, we vacate the civil judgment for attorney['s] fees under N.C. Gen. Stat. § 7A-455 and remand to the trial court for further proceedings on this issue." *Id.* "On remand, the State may apply for a judgment in accordance with N.C. Gen. Stat. § 7A-455, provided that [D]efendant is given notice and an opportunity to be heard regarding the total amount of hours and fees claimed by the court-appointed attorney." *State v. Jacobs*, 172 N.C. App. 220, 236, 616 S.E.2d 306, 317 (2005).

Further, "[b]ecause Defendant was not given notice of the appointment fee and an opportunity to object to the imposition of the fee at his sentencing hearing, the appointment fee is also vacated without prejudice to the State again seeking [an]

appointment fee on remand." *State v. Harris*, 255 N.C. App. 653, 664, 805 S.E.2d 729, 737 (2017).

## Conclusion

For the reasons stated herein, we hold that Defendant waived appellate review of his arguments concerning the hydrocodone tablets' allegedly erroneous admission into evidence. Furthermore, we vacate the civil judgments imposing attorney's fees and the attorney-appointment fee, and remand for further proceedings in accordance with this opinion.

DISMISSED IN PART; VACATED IN PART AND REMANDED.

Judges BERGER and YOUNG concur.